UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CR-0067-CVE |
| ) | |
| MICHAEL WAYNE CAULDWELL, ) | |
| a/k/a Michael Cauldwell, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Unopposed Motion to Continue Scheduling Dates (Dkt. # 25). On April 8, 2014, a grand jury returned an indictment charging defendant with being a felon in possession of a firearm. Dkt. # 11. Defendant made his initial appearance on April 17, 2014 and he appeared with retained counsel.[1] Defendant states that his attorney has not had sufficient time to review the discovery or determine if pretrial motions would be appropriate, and he requests a continuance of the jury trial. Defendant has not specified the length of the continuance sought and the Court will treat his motion as a request for a continuance to the next available jury trial docket. The government does not oppose defendant's request for a continuance, and defendant has executed a speedy trial waiver (Dkt. # 27).

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of

---

[1] Defense counsel, Neal Kirkpatrick, filed a motion to withdraw as retained counsel due to lack of payment. Dkt. # 19. Defendant completed a financial affidavit, and Kirkpatrick was subsequently appointed to represent defendant under the Criminal Justice Act. Dkt. # 24.

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public.  Id.  The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. at § 3161(h)(7)(B)(iv).  The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool."  United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool.  The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time."  Id. at 1271.  This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance.  Id. at 1272-73.  A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act.  Id. at 1273.

The Court has reviewed defendant's motion and finds that it should be granted.  Defendant did not make his initial appearance until April 17, 2014 and, under the scheduling order (Dkt. # 13), he would have less than 30 days from that date to prepare for trial on May 12, 2014.  He also had less than one week to review the discovery and determine if it would be appropriate to file pretrial

motions. Defense counsel also states that he was on a previously planned out of state trip from April 25 to May 3, 2014, and he was not able to work on the case during that time. Dkt. # 25, at 1. The record shows that defense counsel has not had sufficient to review the discovery and meet with his client about the case, and failure to grant the requested continuance would deny counsel for defendant the reasonable time necessary to prepare for trial. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's Unopposed Motion to Continue Scheduling Dates (Dkt. # 25) is **granted**, and the pretrial set for May 7, 2014 and the jury trial set for May 12, 2014 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | May 12, 2014 |
| Responses due: | May 27, 2014 |
| PT/CP/Motions Hearing: | **June 3, 2014 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | June 9, 2014 |
| Jury Trial: | **June 16, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between May 12, 2014 and June 16, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 5th day of May, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE